14-1635-cv
*Wright v. City of Syracuse, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
          ROBERT D. SACK,
          GERARD E. LYNCH,
                    *Circuit Judges*,

GUYNELL WRIGHT,

     *Plaintiff-Appellant*,

       v.                      No. 14-1635-cv

CITY OF SYRACUSE, JEFFREY T. WRIGHT, ANDREW NOLAN, DONALD THOMPSON, ROBERT CALKIN, JOHN M. O'CONNOR, III, THOMAS SCIMONE,

     *Defendants-Appellees*.

JOHN DOE, JANE DOE,

     *Defendants*.

**FOR PLAINTIFF-APPELLANT:**       A.J. BOSMAN, Bosman Law Office, Rome, NY.

**FOR DEFENDANTS-APPELLEES:**         ANN MAGNARELLI ALEXANDER, Assistant
Corporation Counsel, *for* Robert Stamey,
Corporation Counsel, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Guynell Wright appeals from the District Court's March 31, 2014 judgment granting defendants' motion for summary judgment and dismissing the complaint in its entirety.

## BACKGROUND

Wright's racial discrimination, retaliation, hostile work environment, and due process claims principally stem from the termination of his employment by the City of Syracuse (the "City") on February 24, 2010. Wright—an African-American man—had been employed by the City since 1988 as a laborer in the Street Cleaning Bureau of the City's Department of Public Works ("DPW"). He was a member of the AFSCME Local 400 bargaining unit ("Local 400") and his employment was covered by a collective bargaining agreement between Local 400 and the City.

During the course of Wright's employment, the City subjected him to official discipline on several occasions. For instance, between 1993 and 2007, Wright was suspended eight times for a variety of infractions, including reporting late and failing to report for work, fighting with and threatening co-workers, insubordination, and theft of City property. In January 2009, Wright was terminated for another incident of insubordination, in which he was accused of acting belligerent and threatening to a supervisor. The City, however, entered into a settlement agreement with Local 400 to permit Wright to continue working. Finally, in February 2010, Wright was detained by the police after attempting to turn in scrap metal belonging to the City to a commercial recycling facility. For this offense, Wright's employment was terminated.

## DISCUSSION

Wright's operative complaint asserts 21 causes of action under multiple statutes, including 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"); 42 U.S.C. § 1983 ("Section 1983"); *id.* § 1981 ("Section 1981); and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"). The District Court granted defendants' motion for summary judgment and dismissed the complaint in its entirety.

We review the District Court's grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Upon *de novo* review, we agree with the District Court that defendants are entitled to summary judgment. First, Wright waived several of his claims on appeal by failing to address them in his briefs. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Specifically, he waived his claims for breach of contract, violation of the New York State Constitution, and punitive damages, as well as his claims against John and Jane Doe.

As to his remaining claims, Wright's briefs fail to differentiate them by the statutory cause of action or the defendant sued. Rather, Wright has simply grouped his claims into four categories—discrimination, retaliation, hostile work environment, and deprivation of due process. We address each of these categories of claims in turn.[1]

First, Wright's discrimination claims under Title VII are analyzed under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of intentional discrimination, a plaintiff must show: (1) that he is a member of a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse action took place under circumstances giving rise to an inference of discrimination. *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012). We agree with the District Court that Wright has failed to establish that any of the adverse employment actions he suffered—including his termination—took place under circumstances giving rise to an inference of racial discrimination.[2] Even if Wright did make out a *prima facie* case of discrimination, however,

_____

[1] New York courts "require the same standard of proof for claims brought under the NYHRL as for those brought under Title VII." *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 264 n.1 (2d Cir. 1999), and, for present purposes, those brought under sections 1981 and 1983, *see Paterson v. Cnty. Of Oneida, N.Y.*, 375 F.3d 206, 225 (2004) ("Most of the core substantive standards that apply to claims of discriminatory conduct in violation of Title VII are also applicable to claims of discrimination in employment in violation of § 1981 or the Equal Protection Clause."). Accordingly, our holdings with respect to Wright's Title VII claims for discrimination, retaliation, and hostile work environment apply with equal force to any analogous Section 1981, Section 1983, or NYHRL claims.

[2] To the extent that Wright argues that the district court erred in failing to apply a "cat's paw" theory of liability to his discrimination claim, that argument is unavailing. Even assuming that

defendants here provided legitimate, non-discriminatory reasons for these adverse actions, and Wright failed to provide any evidence that these reasons were pretext for racial discrimination. Rather, the record shows that Wright was given several opportunities to keep his job, despite his continued and serious misconduct. We therefore affirm the dismissal of Wright's discrimination claims.

Second, Wright's retaliation claims under Title VII are also analyzed under the *McDonnell Douglas* burden shifting framework. To establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted). Even assuming that Wright engaged in protected activities known to defendants, there is no evidence—either direct or circumstantial—to support a causal connection between these activities and any of the adverse employment actions suffered by Wright. Again, the record reflects that the disciplinary actions taken against Wright—including his termination—were due to his persistent and serious misconduct, not due to his engaging in protected activities. We therefore affirm the dismissal of Wright's retaliation claims.

Third, to establish a hostile work environment claim under Title VII, a plaintiff is required to provide evidence that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) (internal quotation marks and ellipses omitted). We agree with the District Court that none of the incidents cited by Wright to support this claim rose to the level of severity or pervasiveness to establish a hostile work environment claim on the basis of his race. We therefore affirm the dismissal of Wright's hostile work environment claims.

Fourth, Wright asserts that his termination violated his rights under Due Process Clause of the Constitution. It is well settled that procedural due process is satisfied "if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001). In this case, before he was terminated, Wright was: (1) informed of the disciplinary charges against him; (2) afforded a disciplinary hearing; and (3) permitted to grieve his termination. Wright now argues that the Article 78 proceeding provided after his termination by New York state law was not an adequate adversarial hearing. We have previously held, however, that "[a]n Article 78 proceeding . . .

---

such a theory applies, *see Nagle v. Marron*, 663 F.3d 100, 117–18 (2d Cir. 2011), Wright fails to adduce evidence of any act by his supervisors that was motivated by discriminatory animus, with the specific intent to cause his termination, and was the proximate cause of his termination. *Cf. Staub v. Proctor Hosp.*, 562 U.S. 411, 131 S. Ct. 1186, 1194 (2011). Accordingly, even under a "cat's paw" theory, the circumstances of Wright's termination do not give rise to an inference of racial discrimination.

4

constitutes a wholly adequate post-deprivation hearing for due process purposes." *Id.* at 175. We therefore affirm the dismissal of Wright's due process claim.

Finally, we affirm the District Court's dismissal of Wright's Section 1983 claims brought against the City, pursuant to *Monell v. Department of Social Services.*, 436 U.S. 658 (1978). Because Wright failed to establish individual liability on his claims of discrimination, retaliation, hostile work environment, and deprivation of due process, his claim of liability against the City for these purported violations fails as a matter of law. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

## CONCLUSION

We have considered all of the arguments raised by Wright on appeal and find them to be without merit. For the reasons stated above, the March 31, 2014 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5